IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CHRISTINE DRONEY, *et al.*, | : | |
| Plaintiffs, | : | Civil No. 18-849 (RBK/JS) |
| v. | : | **OPINION** |
| VIVINT SOLAR, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon (1) Defendant's Motion to Seal (Doc. 75) and (2) Defendant's Motion for Reconsideration (Doc. 77). For the reasons expressed below, Defendant's Motion to Seal is **GRANTED IN PART AND DENIED IN PART** and Defendant's Motion for Reconsideration is **GRANTED**.

I.   BACKGROUND

The factual background of this case is set forth more fully in the Court's Opinion denying Defendant's Motion for Summary Judgment. (Doc. 73.) As the Court is writing primarily for the parties, it does not recount in detail the factual and procedural background of the case. Rather, this Opinion and Order will focus only on the details pertinent to the pending motions. Plaintiffs Christine and Timothy Droney ("Plaintiffs" or "Mr. and Mrs. Droney") brought this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*, alleging that Defendant Vivint Solar ("Defendant" or "Vivint") violated the FCRA when it obtained their individual credit reports. Mr. Droney specifically contends that Defendant actively forged his

1

signature on a form used for running credit history checks, granting Defendant permission to access his credit history.

Presently pending are two motions. First, Defendant filed a motion for reconsideration or clarification. (Doc. 77, "Mot. for Reconsideration.") In October 2019, Defendant filed a motion for summary judgment in its favor on Plaintiffs' FCRA claim. (Doc. 48, "Mot. for Summary Judgment.") Defendant argued that summary judgment was warranted because it was "undisputed that Vivint Solar in fact had a permissible purpose to obtain Plaintiffs' respective credit reports[.]" (Mot. for Summary Judgment at 7.) On June 23, 2020, this Court entered an Order and Opinion denying Defendant's motion. (Docs. 73, 74.) Defendant's reconsideration motion asks the Court to clarify or reconsider three sentences from the Opinion on the motion. (*See generally* Mot. for Reconsideration.) Second, Defendant filed a motion to seal. (Doc. 75, "Mot. to Seal.") The motion seeks to seal certain documents submitted by the parties in connection with the motion for summary judgment on the grounds that the documents contain confidential information. (Mot. to Seal at 2.)

## II.   LEGAL STANDARD

### A. Motion for Reconsideration

Under Local Rule 7.1(i), a party may file a motion with the court requesting the court to reconsider the "matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." To prevail, the moving party must demonstrate "'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted); *see also Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002). The burden is on the moving party to demonstrate the existence of clear error or manifest injustice. *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d

475, 478 (D.N.J. 2014) (citations omitted). "Motions for clarification are often evaluated under the standard for a motion for reconsideration in this jurisdiction." *Lynch v. Tropicana Products, Inc.*, No. 2:11–cv–07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (citing *Fastware, LLC v. Gold Type Business Machines, Inc.*, No. 09–1530, 2009 WL 2151753, at *2 (D.N.J. July 14, 2009)).

### B. Motion to Seal

Motions to seal are governed by Local Civil Rule 5.3. To succeed on a motion to seal, the moving party must include the following: (1) the nature of the materials at issue; (2) the legitimate private or public interests that warrant the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3). There is a strong presumption in favor of "common law public right of access to judicial proceedings and records." *In re Cendent Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Thus, the movant must overcome this presumption of public access by demonstrating "good cause" for the protection of the material at issue. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Good cause exists if disclosure will cause a clearly defined and serious injury. *Id.* The movant must delineate the specific injury to be prevented—broad allegations of harm, "bereft of specific examples or articulated reasoning, are insufficient." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

## III. DISCUSSION

### A. Motion for Reconsideration

Defendant does not seek complete reconsideration of the entire order denying the motion for summary judgment, nor does Defendant seek reconsideration of the Court's holding in that

3

opinion. Rather, Defendant "seeks reconsideration or clarification" of a portion of the Court's opinion that it believes "is not supported by the record" and is "inconsistent." (Mot. for Reconsideration at 1.) Specifically, Defendant takes issue with the following statements from the Court's Opinion:

- "Noting O'Dell's admission that he wrongfully obtained and submitted the PCCF, Plaintiffs argue . . . ." (Op. at 11) (citing Plaintiffs' Opp. at 23).
- "The question thus becomes whether O'Dell's knowledge that the signed forms here were procured fraudulently . . . ." (Op. at 12)
- "The fact that O'Dell used trickery to perform his mandated job duties . . . ." (Op. at 12.)

Defendant's argument is that these sentences state issues as fact, when in reality these issues are disputed. Defendant contends that O'Dell has not admitted to forgery; therefore this is a disputed fact for the jury to resolve. Defendant argues that by using the above sentences in the Court's opinion, the Court made factual determinations which are inappropriate at the summary judgment phase.

The Court agrees that whether or not O'Dell engaged in forgery or signed anyone else's name on any documents is a factual question. Additionally, as the Court stated in its opinion, because this fact is disputed, it is for the jury to determine whether the applicable documents were forged. (Op. at 14.) In including the aforementioned sentences in its opinion, the Court was not stating as fact that O'Dell did engage in forgery or used trickery. Rather, the Court believes that the opinion, read in its entirety, would likely make clear to the reader that the Court was "simply drawing inferences in favor of Plaintiff as the non-movant, and not making a factual finding that was binding in this action." *Reilly v. Solar*, No. 18-12356, 2021 WL 248872, at *3 (D.N.J. Jan. 26,

2021). However, the Court is aware that, as Defendants note, the aforementioned sentences that Defendant objects could convey a potential finding of fact by the Court, particularly when read in the narrow context of the paragraphs they are found in.

The Court wishes to avoid any confusion that could potentially cause issues in this litigation and other similar pending litigation involving Defendant. Accordingly, in an abundance of caution, the Court will **GRANT** the Motion to Reconsider or Clarify the Court's prior opinion. The Court finds that the simplest solution is to enter an amended opinion with the three sentences in question replaced with the following sentences, for clarity:

- "Noting Ms. Droney's inference that O'Dell admitted to wrongfully obtaining and submitting the PCCF, Plaintiffs argue . . . ."
- "If the jury determines that O'Dell forged the documents, the question thus becomes whether O'Dell's knowledge that the signed forms were procured fraudulently . . . ."
- "If the jury determines that O'Dell used trickery to perform his mandated job duties, this would not sever the agency relationship . . . ."

An Amended Opinion will issue.

### B. Motion to Seal

Defendant also moves to seal four separate categories of documents: (1) documents related to Vivint Solar's confidential sales processes, procedures, policies, and training; (2) Vivint Solar's confidential HR records; (3) Plaintiffs' credit scores and histories; and (4) emails between Vivint Solar and Solar Mosaic. (Doc. 75-2 "Perkins Cert." ¶3.) Plaintiffs oppose the motion in part, but agree that Ms. Droney's consumer credit report, Ms. Droney's deposition transcript, and references

5

to Ms. Droney's credit score and history in Vivint's Expert Report should be sealed. (Doc. 82, "Mot. to Seal Opp." at 1.) The Court addresses these documents in turn.

First, Defendant moves to seal "Vivint Solar's confidential sales processes, procedures, polices; [sic] and training," "Vivint Solar's confidential HR records," and "emails between Vivint Solar and Solar Mosaic." (Perkins Cert. ¶3.) These documents are primarily exhibits attached to the motion for summary judgment, the statement of undisputed facts, and the opposition to the motion for summary judgment. (*Id.* ¶¶10–14.) At the outset, the Court notes that Defendant did not submit any formal briefing in support of their motion to seal. (*See generally* Doc. 75.) Rather, Defendant instead opted to attach only the Certification of its counsel in support of the sealing motion. (*See generally* Perkins Cert.) In this Certification, Defendant's counsel makes two main assertions for why the documents should be sealed. First, Defendant's counsel contends that these documents should be sealed because they were designated confidential pursuant to the parties' Confidentiality Order. (*Id.* ¶4.) Second, Defendant's counsel cites to other cases where courts have recognized confidentiality in documents that may harm a litigant's competitive standing in the marketplace. (*See id.* ¶7 (citing cases.))

The Court finds each of these arguments unpersuasive. As an initial matter, the Court disagrees with Defendant's argument that the documents should be sealed simply because they are subject to a protective order. This Court has previously made clear that just because a document is "marked confidential and subject to a protective order [] does not automatically mean a document can be sealed. The document must still satisfy the standard set forth in Rule 5.3" *Brooks v. Wal-Mart Stores, Inc.*, No. 1:18-cv-1428, 2020 WL 1969937, at *7 (D.N.J. Apr. 24, 2020) (quoting *Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 WL 834399, *5 n.2, 2008 U.S. 15 Dist. LEXIS 24454, *9, n.2 (D.N.J. Mar. 27, 2008)).

Moreover, Defendant fails to satisfy the standard set forth in Local Civil Rule 5.3 because it does not articulate the precise harm it would suffer if these documents were not sealed. Defendant argues generally that "Vivint Solar would be at a competitive disadvantage and would suffer financial harm" if these documents were made public. (*Id.* ¶15; *see also id.* ¶¶17–18.) However, nowhere in the moving papers does Defendant articulate a specific, delineated injury that would result due to disclosure. *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d at 673 ("In delineating the injury to be prevented, specificity is essential.") As this Court has held in similar situations, Defendant's broad allegations that it would be at a "competitive disadvantage" are entirely insufficient to meet its burden and fail to overcome the presumption in favor of public access. *Id.* at 676; *see also Horizon Pharma AG v. Watson Laboratories Inc.—Florida*, No. 13-5124, 2015 WL 12859244, at *2 (D.N.J. Sept. 14, 2015) (denying motion to seal because "plaintiffs' broad and conclusory assertion that 'disclosure would cause a potential loss of competitive advantage and financial detriment to plaintiffs' . . . fails to describe a clearly defined and serious injury that would result if the relief sought is not granted"); *Younes v. 7-Eleven, Inc.*, No. 13-3500, 2014 WL 1959246, at *3 (D.N.J. May 15, 2014) (denying motion to seal where the movant merely concluded that disclosure "could have a significant impact" on the party); *MEI, Inc. v. JCM American Corp.*, No. 09–351, 2010 WL 4810649, at * (D.N.J. Nov. 17, 2010) (denying motion to seal because the party's "sole rationale for nondisclosure is that 'MEI . . . represented . . . that they have a legitimate interest in protecting the confidentiality of the information contained in the [Release and Settlement Agreement]'"). In sum, because Defendant has failed to delineate the specific harm caused by the disclosure of the (1) documents related to Vivint Solar's sales processes, procedures, policies, and training; (2) Vivint Solar's HR records; and (3) emails between Vivint Solar and Solar Mosaic, the motion to seal these documents is **DENIED**.

Defendant also moves to seal the Plaintiffs' credit scores and histories. Although the parties dispute whether the documents related to Vivint's sales practices and emails should be sealed, the parties jointly agree that the Court should grant the motion as to the documents and exhibits referring to the Plaintiffs' credit scores and histories. (*See* Docs. 75, 82.) The Court agrees. In enacting the Fair Credit Reporting Act, Congress created privacy rights in such reports by conditioning disclosure of this sensitive information on the existence of a permissible purpose. 15 U.S.C. § 1681b(f). Credit reports contain sensitive and identifying information, such as addresses and social security numbers. As this Court has previously held, potential harm may come from the disclosure of "confidential and personal identifying information including, but not limited to, account information, social security number, and addresses[.]" *Ocasio v. CoreLogic Credco, LLC*, No. 14-1585 (NLH/JS), 2015 WL 5722828, at *5 (D.N.J. Sept. 29, 2015).

Plaintiffs argue, and this Court agrees, that they will be personally harmed if this particular information becomes public. Moreover, this Court has recognized that the privacy interests in credit reports is sufficient to rebut the presumption of access. *Id.* Finally, there is no less restrictive alternative—Plaintiffs have articulated the exact exhibits to be sealed and has limited those to only the exhibit which reference personal information. Accordingly, the motion to seal is **GRANTED** to the extent it seeks to seal (1) the deposition of Ms. Droney (Ex. 1 to Vivint's Motion for Summary Judgment; (2) Ms. Droney's consumer credit report (Ex. 6 to Vivint's Motion for Summary Judgment); and (3) page 13 of Vivint's Expert Report, referencing Ms. Droney's credit score and history (Ex. 17 to Vivint's Motion for Summary Judgment). Otherwise, the motion to seal is **DENIED**.

IV.     CONCLUSION

For the reasons expressed above, (1) the Motion for Reconsideration is **GRANTED** and (2) the Motion to Seal is **GRANTED IN PART AND DENIED IN PART**. An accompanying Order shall issue.


Dated:       3/19/2021                                          /s Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge